**XIU QIN WANG, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 06–2341–ag.

United States Court of Appeals, Second Circuit.

Jan. 25, 2007.

---

Gary J. Yerman, New York, NY, for petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division, Emily Anne Radford, Assistant Director, Gjon Juncaj, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC, for respondent.

Present: ROBERT D. SACK, REENA RAGGI and RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner Xiu Qin Wang, a native and citizen of the People's Republic of China, seeks review of an April 27, 2006 order of the BIA denying petitioner's motion to reopen her removal proceedings. *In re Xiu Qin Wang*, No. A. 97 743 137 (B.I.A. April 27, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). Here, the BIA denied petitioner's motion because (1) Wang failed to show changed country conditions under 8 C.F.R. § 1003.2(c)(3)(ii), a provision that permits applicants to file motions to reopen after the 90–day limit has expired, and (2) she failed to provide evidence that a woman with two children born in the United States would face persecution in China. We conclude these grounds constitute an abuse of discretion.

■ *First,* as to changed country conditions, the BIA erroneously treated Wang's motion as having been untimely filed and, therefore, as though she were required to demonstrate a change in the relevant Chinese family-planning policies. The govern-

ing regulation and our case law, however, both indicate that a showing of changed personal circumstances—indisputably present here—may be sufficient when a motion to reopen is timely made. *Compare* 8 C.F.R. § 1003.2(c)(1) (granting right to file motion to reopen where "new facts" exist that are "material and w[ere] not available and could not have been discovered or presented at the former hearing"), *with id.* § 1003.2(c)(3)(ii) (providing an exception to the 90–day time limit otherwise applicable for one particular set of "new facts," *i.e.,* "changed circumstances arising in the country of nationality or in the country to which deportation has been ordered"); *see Li Yong Cao v. U.S. Dep't of Justice,* 421 F.3d 149, 157 (2d Cir.2005) (finding that petitioner "fulfilled all that was required of him to support a motion to remand grounded on new evidence,"[1] where, *inter alia,* he "attached records from his wife's medical examination in the United States, and proof of the birth of their second child in the United States" and "argued . . . that future persecution by Chinese family planning authorities would be more likely now that the couple has an additional child").

■ *Second,* as to evidence of future persecution, the BIA abused its discretion in finding that Wang's evidence did not support a well-founded fear without first addressing the 2003 decisions of the Changle City Family–Planning Administration and the Fujian Province Department of Family–Planning Administration, which Wang submitted to the BIA as part of her motion to reopen. Although this evidence was available at the time of Wang's removal hearing, it was at that time irrelevant in that it addresses the likelihood that Chinese nationals with two or more foreign-

born children will be subject to family-planning penalties. Because Wang was pregnant with only her first child at the time of her removal hearing, these documents were previously unavailable to the extent that they were irrelevant. *See Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 95–96 (2d Cir.2001). Because " 'IJs and the BIA have a duty to explicitly consider any country conditions evidence submitted by an applicant that materially bears on [a petitioner's claim],' " *Shou Yung Guo v. Gonzales,* 463 F.3d 109, 115 (2d Cir.2006) (quoting *Poradisova v. Gonzales,* 420 F.3d 70, 81 (2d Cir.2005)), and because the 2003 Changle City and Fujian Province documents "are so self-evidently material," "the BIA's failure to consider them was an abuse of discretion." *Shou Yung Guo,* 463 F.3d at 115.

Accordingly, the petition for review is **GRANTED,** the BIA's order is **VACATED,** and the case is **REMANDED** to the BIA for further proceedings consistent with this decision. Wang's motion for stay of removal is **GRANTED,** and her removal is stayed until the BIA renders a new decision on her motion to reopen. Any pending request for oral argument in this petition is **DENIED** in accordance with Fed. R.App. P. 34(a)(2), and Second Circuit Local Rule 34(d)(1).

---

1. "A motion to remand that relies on newly available evidence is held to the substantive requirements of a motion to reopen." *Li*   *Yong Cao,* 421 F.3d at 156 (citing *In re Coelho,* 20 I. & N. Dec. 464, 471 (BIA 1992)).